UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY HEALTH CENTER FOR PATIENT ACCESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM LIGHTBOURNE, Director of the California Department of Health Care Services, and CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, <br><br> Defendants. | No.  2:20-cv-02171-JAM-KJN <br><br> **ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

This matter is before the Court on a Motion for Temporary Restraining Order ("TRO") filed by Community Health Center Alliance for Patient Access, Avenal Community Health Centers, Community Health Centers of the Central Coast, Family Health Centers of San Diego, Imperial Beach Community Clinic, La Maestra Family Clinic, Omni Family Health, Open Door Community Health Centers, Shasta Community Health Center, and South County Community Health Center, Inc. ("Plaintiffs").  TRO, ECF No. 6. Will Lightbourne and the California Department of Health Care Services ("Defendants") oppose the motion.  Opp'n, ECF No. 13.

1

1 | Plaintiffs have replied to Defendants' opposition.  Reply, ECF
2 | No. 18.
3 |     Plaintiffs seek to enjoin Defendants from implementing the
4 | Medi-Cal Rx Transition, which carves out the pharmacy benefit
5 | from California's Medi-Cal managed care program, or, in the
6 | alternative, the Defendants' waiver extension request, on the
7 | grounds that (1) Defendants' request for federal approval for the
8 | carve out was untimely and improperly made; (2) Defendants do not
9 | have an alternative method for reimbursing Plaintiffs for their
10 | pharmacy benefit outside of managed care that is compliant with
11 | federal law; and (3) Defendants' proposed methodology for
12 | reimbursing Plaintiffs post-transition would improperly give
13 | Defendants the benefit of the drug discount program that is
14 | intended to benefit Plaintiffs and other safety net providers
15 | under federal law.  See generally TRO.
16 |     However, temporary restraining orders are emergency
17 | measures, intended to preserve the status quo pending a fuller
18 | hearing on the injunctive relief requested, and the irreparable
19 | harm must therefore be clearly immediate.  Fed. R. Civ. Proc.
20 | 65(b)(1).  Here, Plaintiffs failed to adequately prove they face
21 | an immediate risk of irreparable harm as Defendants have publicly
22 | stated the transition to Medi-Cal RX will not be effective until
23 | April 1, 2021.  See Opp'n at 9-13.  From the parties' briefing,
24 | it is clear to the Court that there are numerous factual and
25 | legal disputes.  It would be inappropriate to grant the ultimate
26 | relief sought at the earliest stage in the proceeding, prior to a
27 | more deliberative investigation of the claims' merits.  See
28 | Senate of State of Cal. v. Mosbacher, 968 F.2d 974, 978 (9th Cir.

1992) (finding that it is inappropriate to grant preliminary relief that results in the non-moving party essentially losing the whole case).

## I. ORDER

After careful consideration of all papers filed by both parties, the Court DENIES Plaintiffs' Ex Parte Motion for a Temporary Restraining Order.

Plaintiffs may, of course, file a motion for a preliminary injunction which would allow the Court to consider their arguments regarding the merits, or lack thereof, of their claims. In denying their motion for a TRO, the Court has not reached the issue of the Plaintiffs' likelihood of success on the merits. A motion for a preliminary injunction, if filed within the next thirty days, could be heard and decided by the Court prior to the date the Medi-Cal Rx Transition is scheduled to be implemented.

IT IS SO ORDERED.

Dated: November 24, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE