UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY HEALTH CENTER ALLIANCE FOR PATIENT ACCESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM LIGHTBOURNE ,et al., <br><br> Defendants. | No. 2:20-cv-02171-DAD-KJN <br><br> ORDER GRANTING UNOPPOSED MOTIONS FOR LEAVE TO FILE AMICUS CURIAE BRIEFS <br><br> (Doc. Nos. 81, 84) |

Before the court is a motion for leave to file an amicus brief filed on behalf of non-party California Primary Care Association ("CPCA") on January 24, 2023 (Doc. No. 81), and a motion for leave to file an amicus brief filed on behalf of non-party National Association of Community Health Centers ("NACHC") on February 6, 2023 (Doc. No. 84). The two proposed amicus briefs are not submitted in support of any of the parties but are rather intended to provide relevant and useful information to assist the court in resolving the motions to dismiss (Doc. Nos. 61, 66) that are pending before the court. (Doc. Nos. 81 at 2; 84 at 2.) Neither the plaintiffs nor the defendants in this action oppose the pending motions for leave to file amicus briefs. (*See* id.)

The Federal Rules of Civil Procedure do not set forth the manner and circumstances in which an amicus brief may be filed in district courts. District courts therefore rely on Federal Rule of Appellate Procedure 29 in addressing such requests. *See California v. United States*

1

*Dep't of Labor*, No. 2:13-cv-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014).  The Ninth Circuit has held that "[t]he district court has broad discretion to appoint amici curiae," and the appellate court will reverse "only if the district judge has abused his discretion." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  "The touchstone is whether the amicus is 'helpful,' and there is no requirement 'that amici must be totally disinterested.'" *United States Dep't of Labor*, 2014 WL 12691095 at *1 (citing *Hoptowit*, 682 F.2d at 1260.)  The court will not consider issues that are raised only in an amicus brief unless the circumstances are exceptional.  *Id.*

In this case, plaintiffs have sued defendants under the federal Administrative Procedure Act and 42 U.S.C. § 1983 to challenge the approval by Centers for Medicare and Medicaid Service ("CMS") of Medi-Cal Rx as arbitrary and capricious, and because Medi-Cal Rx allegedly violates plaintiffs' right to reimbursement guaranteed under federal law.  (Doc. No. 45 at 2.)

In CPCA's pending motion, CPCA asserts that its amicus brief will "offer[] a perspective that can help the Court to understand the purposes and the present and historical industry practices surrounding the Medi-Cal pharmacy reimbursement issues present in this case."  (Doc. No. 81 at 3.)  In NACHC's pending motion, NACHC asserts that the issues raised in this case will "significantly impact" the beneficiaries of a certain drug discount program created by Congress, and the proposed amicus brief would "provide the Court with the perspective of those beneficiaries, explain current national challenges facing the [that] program, and highlight the potential national impact of this Court's decision."  (Doc. No. 84 at 3.)

Having considered the pending motions for leave to file an amicus brief and the potential helpfulness of the proposed amicus briefs, and in light of the parties' non-opposition to those motions, the court will grant the two pending motions for leave to file an amicus brief.  *See United States Dep't of Labor*, 2014 WL 12691095, at *1 ("Amicus briefs are frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."); *see also Full Circle of Living & Dying v. Sanchez*, No. 2:20-cv-01306-KJM-KJN, 2022 WL 348166, at *2 (E.D. Cal. Feb. 4, 2022)

(granting motion for leave to file an amicus brief where the "proposed brief provides helpful context").

Accordingly,

1. California Primary Care Association's motion for leave to file an amicus brief (Doc. No. 81) is granted;

2. National Association of Community Health Centers' motion for leave to file an amicus brief (Doc. No. 84) is granted;

3. Within seven (7) days from the date of entry of this order, amicus California Primary Care Association and amicus National Association of Community Health Centers shall file their respective amicus briefs on the docket in this action; and

4. The Clerk of the Court is directed to update the docket to reflect the addition of amicus California Primary Care Association and amicus National Association of Community Health Centers.

IT IS SO ORDERED.

Dated:  **February 13, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE